UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

RAJASHAKHER P. REDDY,

        Plaintiff,

   v.

MANJU MORRISSEY,

        Defendant.

Case No. 3:18-cv-00938-YY

OPINION AND ORDER

YOU, Magistrate Judge:

This action, filed by Rajashakher P. Reddy ("Reddy") against Manju Morrissey ("Morrissey"), arises from a dispute concerning the ownership of Piper and Associates, LLC ("Piper"). Compl., ECF #1. Morrissey moves the court for an order striking portions of the complaint pursuant to FRE 408.[1] ECF #5. For the reasons that follow, the motion to strike is denied.

---

[1] In the same motion, Morrissey moves to dismiss the first claim for relief for failure to join an indispensable party under FRCP 12(b)(7). That motion is the subject of a separate Findings and Recommendation issued on this same date. ECF #19. While a motion to dismiss is dispositive, this motion to strike is not and therefore may be resolved with an opinion and order by a magistrate judge. *See MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP*, Nos. 2:07-cv-387-FtM-29SPC, 2:07-cv-420-FtM-29DNF, 2008 WL 4642835, at *1 (M.D. Fla. October 20, 2008) ("The Motion to Strike was not itself dispositive of any claim, as it only sought to strike certain paragraphs of the Second Amended Complaint . . . . [T]herefore[,] the magistrate judge properly resolved the motion by order."); *Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC*, No. 12-2268

# DISCUSSION

Morrissey moves the court to strike paragraphs 19-23, 32, 34-36, 45, and 51 of the complaint on the basis that they are inadmissible settlement communications and negotiations under FRE 408.[2]

FRCP 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and are not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *See LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystem, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

As courts in this circuit have acknowledged, FRCP 12(f) may been used to strike allegations from complaints that detail settlement negotiations. *See Jones v. Metro Life Ins. Co.,* No. C–08–03971–JW (DMR), 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) ("[U]nder [FRCP] 12(f), courts have granted motions to strike references to settlement negotiations even at the pleadings stage of a case, on the basis that the contents of settlement discussions would otherwise be inadmissible under Federal Rule of Evidence 408 and are therefore immaterial and potentially prejudicial."); *see also Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11–468–JST, 2011 WL 13228020, at *2 (C.D. Cal. Sept. 15, 2011); *Stewart v.*

---

A/P, 2012 WL 12909869, at *1 (W.D. Tenn. June 1, 2012) (holding that motion to strike paragraphs of complaint that did not dismiss a claim or strike an affirmative defense were non-dispositive); 28 U.S.C. § 636(b)(1)(A) (listing eight matters that are dispositive as a matter of law and not within the authority of a magistrate judge; motions to strike not included); FRCP 72(a) (permitting a magistrate judge to issue an order on "a pretrial matter not dispositive of a party's claim or defense").

[2] It is unnecessary to recite the facts, which are set forth in detail in the Findings and Recommendation. ECF #19.

2 – OPINION AND ORDER

*Wachowski*, No. CV 03-2873 MMM (VBKx), 2004 WL 5618386, at *2 (C.D. Cal. Sept. 28, 2004). "Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability . . . . Although this is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408." *Stewart*, 2004 WL 5618386, at *2 (citing *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 40 (S.D.N.Y. 1992)).

Motions to strike are generally disfavored. *Rosales v. Citibank,* 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Whether to grant a motion to strike is within the sound discretion of the district court. *Lemberg v. JP Morgan Chase Bank, N.A.*, No.17-cv-05241-JSC, 2018 WL 2463214, at *3 (N.D. Cal. June 1, 2018). In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party. *Koninklijke Philips Elec. N.V. v. Nat'l Film Labs Inc.*, No. CV 12-4576 GAF (FFMx), 2012 WL 12886833, at *3 (C.D. Cal. Dec. 4, 2012). Courts often require a "showing of prejudice by the moving party" before granting the requested relief. *Sec. and Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *Wailua Assocs. v. Aetna Cas. and Sur. Co.,* 183 F.R.D. 550, 553-54 (D. Haw. 1998).

Here, paragraphs 20-22, 32, 34-36, 45, and 51 do not disclose a post-contractual settlement effort, but rather, when read in a light most favorable to Reddy, are merely references to the terms of the original agreement and Morrissey's purported breach of that agreement. Likewise, this court is not persuaded to strike paragraph 19 of the complaint, which alleges that

Reddy "further offered to pay [Morrissey] $12,642, which was the outstanding amount of expenses that [Morrissey] represented to [Reddy] she had incurred." Compl. ¶ 19, ECF #1. Despite the use of the word "offered," there is no reason to believe this is a compromise amount or anything other than what Reddy allegedly owed under the original agreement, which purportedly included repayment of expenses. *See id.* ¶ 14.

Finally, in paragraph 23 of the complaint, Reddy alleges that Morrissey "demanded $350,000 in exchange for returning" the property. *Id*. ¶ 23. It is unclear in what context this demand was made and whether it was an offer of compromise. "A litigant asserting the applicability of [FRE] 408 must make a 'substantial showing' that the communications were part of the attempts to settle the dispute." *Rondor Music Int'l, Inc., v. TVT Records LLC*, No. CV 05–2909, 2006 WL 5105272, *11 (C.D. Cal. Aug. 21, 2006). Morrissey also has failed to show how leaving this allegation in the complaint causes her any prejudice. Given the uncertainty regarding admissibility, the disfavored status of motions to strike, and the absence of any specific prejudice to Morrissey, the court declines to strike paragraph 23 at this time.[3] *Stewart*, 2004 WL 5618386, at *6; *see also Anchutz Corp. v. Merrill Lynch and Co. Inc.*, 785 F. Supp. 2d 799, 820 (N.D. Cal. 2011) (denying motion to strike where it cannot be said that the settlements "have no possible bearing on the subject of the litigation").

///

///

///

///

---

[3] Nothing in this order precludes Morrissey from moving to exclude evidence of the $350,000 demand under FRE 408, if appropriate, at a later time.

## CONCLUSION

Morrissey's motion to strike pursuant to FRCP 12(f) (ECF #5) is DENIED.

IT IS SO ORDERED.

DATED  September 17, 2018.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge