IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RAJASHAKHER P. REDDY**,

    Plaintiff,

  v.

**MANJU MORRISEY**,

    Defendant.

Case No. 3:18-cv-938-YY

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on November 30, 2021. Judge You previously had issued Findings and Recommendation on April 14, 2020, recommending that this Court deny Defendant's motion for summary judgment. Defendant filed objections and Plaintiff filed a response along with new evidence. Judge You withdrew her April Findings and Recommendation to consider the new evidence and argument. Defendant then filed a Motion to Strike and Motion for Sanctions. Upon reconsideration, Judge You's current Findings and Recommendation remains the same: that this Court deny Defendant's Motion for Summary Judgment. Judge You concluded that Plaintiff should not be barred by the doctrines of judicial estoppel and unclean hands. Judge You also recommends that the Court deny Defendant's Motion to Strike and Motion for Sanctions.

Defendant timely filed an objection (ECF 72), to which Plaintiff responded. ECF 73. Defendant objects to the portion of Judge You's recommendation finding that Plaintiff's current position is not barred by the doctrines of judicial estoppel or unclean hands. Defendant further objects to Judge You's denial of Defendant's Motion for Sanctions. Defendant does not object to Judge You's denial of the Motion to Strike. Plaintiff responds and adds a purported objection to Judge You's analysis of the elements of judicial estoppel.[1]

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

On the question of whether the Court should grant summary judgment on the basis of judicial estoppel and unclean hands, Judge You found that determining whether the position Plaintiff took in a separate, prior proceeding was the result of inadvertence or mistake required a credibility determination that is reserved for the jury and should not be made on summary judgment. The Court has reviewed Judge You's findings and recommendation *de novo* and adopts her analysis relating to judicial estoppel and unclean hands. Regarding Defendant's

---

[1] Plaintiff did not file an objection to the Findings & Recommendation. Instead, he purports to raise an objection in his response to Defendant's objection. Plaintiff's objections, therefore, are untimely and are not properly before the Court. *See United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); Advisory Committee Notes to Fed. R. Civ. P. 72 ("When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist. Ct.,* 501 F.2d 196, 206 (9th Cir. 1974)). Thus, the Court does not consider the objection raised by Plaintiff.

motion for sanctions to which Defendant has objected, the Court has reviewed the issue *de novo*. The Court adopts this portion of the Findings and Recommendation.

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." For those portions of the Findings and Recommendation to which neither party objected, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of the Findings and Recommendation.

Finally, the Court recognizes with greater clarity that credibility may play an important, even a key, role at trial. Accordingly, Defendant has leave to request from Plaintiff an unredacted copy of the presentence report, under an appropriate protective order. If Plaintiff continues to resist, Defendant has leave to seek reconsideration from the Court regarding whether an unredacted presentence report must be provided (under an appropriate protective order). At that time, both sides will be given a further opportunity to be heard.

The Court ADOPTS Judge You's Findings and Recommendation (ECF 70). The Court DENIES Defendant's Motion for Summary Judgment (ECF 44). The Court also DENIES Defendant's Motion to Strike and Motion for Sanctions (ECF 63). The Court, however, gives Defendant leave to see an unredacted copy of the presentence report, under an appropriate protective order, as discussed in this Order.

**IT IS SO ORDERED**.

DATED this 1st day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge